HINKLEMAN, JACKSON & CO. *vs.* JOHN T. FEY.

*Insolvency—Loan on Mortgage security—Lien of Mort-
gage—Section 14 of Article 47 of the Code, as Amended
by the Act of 1890, ch. 364.*

A person, who, in good faith, has loaned money on mortgage,
without any intent or attempt to hinder, delay or defraud the
creditors of the borrower, or to assist him in any way to give
an undue preference to any of his creditors, and without knowl-
edge that he was insolvent, or in contemplation of insolvency,
is not deprived of his lien by section 14 of Article 47 of the
Code, as amended by the Act of 1890, ch. 364, which prohibits
preferences by merchants and others therein named, being in-
solvent or in contemplation of insolvency, but provides that
nothing therein shall apply so as to render invalid the lien of
any mortgage or other conveyance executed by the debtor, for
money *bona fide* loaned or paid at the time of the creation of
such mortgage or conveyance.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN,
FOWLER, PAGE, ROBERTS, MCSHERRY, BOYD and BRIS-
COE, J.

*J. W. S. Cochrane,* and *\*Ferdinand Williams,*for the
appellants.

*Robert R. Henderson,* and *\* DeWarren H. Reynolds,*
for the appellee.

BOYD, J., delivered the opinion of the Court.

The petition of the appellants was filed in the Circuit
Court for Alleghany County on October 17th, 1893, al-

\*These gentlemen, though present, did not speak, the Court declining to hear
counsel for the appellee in respect of the good faith of the mortgage.

leging that the appellee, John T. Fey, was a merchant in Alleghany County; that, although indebted in large sums of money, which he was unable to pay, and being insolvent, and in contemplation of insolvency, he executed a mortgage on October 9th, 1893, to Robert R. Henderson, on his real and personal property for the sum of $3000; that said mortgage contains and works an unlawful preference, and was made with the intent to hinder and defraud the creditors of said Fey, especially the petitioners, and that the mortgage and preference therein contained were unlawful, fraudulent and void.

The petition then charges that said Fey has committed an act of insolvency contrary to the laws of Maryland, prays that he may be adjudicated an insolvent, and that the mortgage may be set aside and declared null and void.

Robert R. Henderson and John T. Fey filed separate answers to the petition, both of which denied that Fey was insolvent, that the mortgage worked any unlawful preference, or that it was made with intent to hinder and defraud the creditors of Fey. They allege that the mortgage was given to secure the sum of three thousand dollars *bona fide* and actually *loaned* and *paid* to Fey by Henderson *at the time of* the execution of the mortgage.

The case was tried before the Court, a jury trial having been waived. The Court adjudicated Fey an insolvent, but adjudged the mortgage of Henderson to be *bona fide* within the meaning of the law, declared it a valid lien, and directed the trustees appointed to hold the property subject to the operation of the mortgage.

The appeal of Fey from the order adjudging him an insolvent having been dismissed by him, the sole question to be disposed of is, whether the mortgage is valid under the insolvent laws of this State. The only witness examined at the trial of the case was Mr. Henderson. He testified that Fey told him he wanted to borrow the money to pay debts with; that he gave him a statement showing

that he had assets valued at $14,200, and that his liabilities were $6150; that Fey " said he must raise thirteen hundred dollars to return to the City, money which he owed it as its treasurer, and that if he could get three thousand dollars altogether, he could pay that and divide the balance among such other obligations as were pressing in such a way as to obtain entire relief until he could collect his book accounts, and out of them and out of his business pay all his obligations of every kind."

Henderson further testified that the money was loaned to Fey in good faith; that he paid him the $3000; that Fey owed him nothing at the time the loan was made; that he did not represent any of the creditors of Fey, and that none of the money loaned was paid to him (Henderson) for any purpose whatever. In short, the uncontradicted evidence shows that it was an actual *bona fide* loan in the ordinary course of business. There is no evidence whatever to show any intent or attempt on the part of Henderson to hinder, delay, or defraud the creditors of Fey, or any of them, or to assist him in any way to give an undue preference to any of his creditors. Nor does it show that Henderson knew that Fey was insolvent, or in contemplation of insolvency, but, on the contrary, he testified that he loaned the money in the belief that Fey would be able to pay all his debts in full.

The Act of 1890, ch. 364, amended sect. 14 of Art. 47 of the Code of Public General Laws, which prohibits preferences by merchants and others therein named, being insolvent or in contemplation of insolvency, save certain wages and salaries mentioned, by adding the following proviso: " That nothing in this section shall apply so as to set aside or render invalid the lien of any such judgments, mortgage or other conveyance executed by the debtor, for money *bona fide* loaned or paid at the time of the creation of such judgments, mortgage or conveyance, but such shall remain a valid and subsisting lien,

although the debtor may be proceeded against or may apply for the benefit under this Act."

That Act was passed for the purpose of removing all doubt about the validity of a security given by a person of any of the classes named to secure a *bona fide* loan made at the time. It is an important provision, as a merchant, banker, or other person mentioned might otherwise be unable to borrow money to enable him to meet pressing demands, and thereby avert financial disaster. Of course, if it were shown to a Court, by satisfactory evidence, that the lender of the money was colluding with an insolvent debtor, or with one or more of his creditors, to give the latter some preference prohibited by law, the loan would not be *bona fide* within the meaning of the statute, and the Court would not hesitate to set aside such a transaction. But there is nothing in the evidence in this case to sustain a charge or claim of that kind, and the order of the Court below declaring the mortgage to Robert R. Henderson a valid and subsisting lien must be affirmed.

*Order affirmed, with costs.*